UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MOORISH SCIENCE TEMPLE OF AMERICA, MCGRAW EL Sheik, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:15-cv-00509-JMS-DKL |
| v. | ) |
| STATE OF INDIANA, LAWRENCE TOWNSHIP Municipality Posse Comitatus, | )<br>)<br>) |
| Defendants. | ) |

**Entry Discussing Filing Fee, Dismissing Complaint
and Directing Further Proceedings**

**I.**

The plaintiff shall have **through April 28, 2015,** in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so through the filing of a motion for leave to proceed *in forma pauperis*.

**II.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

1

*See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Applying this standard to the complaint, the complaint is subject to dismissal because it fails to state a claim upon which relief may be granted. In this action, the Moorish Science Temple of America and "MCGRAW EL, SHEIK" seek money damages from the State of Indiana and the "Lawrence Township Municipality Posse Comitatus." The plaintiffs' claims apparently arise out of a March 11, 2015, traffic stop which resulted in McGraw El's arrest and the search and confiscation of his personal items. He seeks money damages. The most obvious deficiencies in the complaint are the following:

1) The plaintiff Sheik McGraw El is not an attorney and does not have standing to assert the rights of the Moorish Science Temple of America and no right to act on its behalf. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see generally U.S. v. Hagerman,* 545 F.3d 579, 581 (7th Cir. 2008). Accordingly, any claim thought to be asserted by the Moorish Science Temple of America is **dismissed.**

2) The complaint fails to state a viable claim for money damages against the defendants. Eleventh Amendment immunity bars this suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S.

44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, the state is not a "person" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in the complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989). Claims against "Lawrence Township Municipality Posse Comitatus" are dismissed because this is not (contrary to the plaintiff's assertion) a corporation incorporated under the laws of Indiana. If Sheik McGraw El intended to sue the City of Lawrence or individual members of the perceived "posse" he shall have the opportunity to amend his complaint accordingly. Accordingly, the State of Indiana and the Lawrence Township Municipality Posse Comitatus are dismissed.

3) The substance of many of the claims is also deficient because nothing more is provided than a listing. The Complaint provides:

> STATE OF INDIANA. The jurisdiction of this court is invoked pursuant to 805 ILCS110/46e: Religious Corp. Act, 28 U.S.C section 1332: Diversity of Citizenship, U.S.C title 18 Conspiracy against rights, section 241; Deprivation of rights under color of law, section 242; Federally protected Activities, section 245; Damage to religious property, section 247; Hate crime acts, section 249; Matthew Sheppard and James Byrd, Jr Hate crimes Prevention Act. Advocating overthrow of the Government, 18 U.S.C 2385; Brandenburg v. Ohio 395 U.S. 444; Civil Action of Deprivation of Rights, 42 U.S.C 1983; Commission to serve against friendly nation, 18 U.S.C. 958; Conspiracy of Impersonating Officers on Public Highways, 14-277;Conspiracy to Defraud the United States, 18 U.S.C. 371; Ex parte McCradle, 74 U.S. 506; Harboring or concealing persons 18 U.S.C 792; Ku Klux Klan Act of 1871 ch.22, 17 stat. 13 section 2; Livingston v. Dorgenois, 11 U.S. 578; Police Badges, 18 U.S.C. 716; Posse Commitatus Act, 20 Stat. 152 section 15; Presser v. Illinois, 116 U.S. 252116 U.S. 252; Public Health and Safety Uniform, 398 U.S. 58, Schacht v. United States, 18 U.S.C. 702; The Santissima Trinidad, 20 U.S. 283; United States v. Hertz; United States v. Hertz; and United States v. Jackson, 390 U.S. 570. IC 35-33-5 Search and Seizure, IC 35-33-5-1 Issuance by court; probable cause; oath and affirmation, IC 35-33-5-5 Disposition of property held as evidence; IC 35-33-5-8 Issue of warrant without affidavit;

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid

3

of 'further factual enhancement.'" *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007)).

Given the deficiencies noted above, the complaint is **dismissed.**

### III.

The dismissal of the complaint will not lead to the dismissal of the action at this time. Sheik McGraw El shall have **through April 28, 2015,** in which **to file an amended complaint** that states a viable claim for relief in light of the deficiencies noted in Part II of this Entry, if he chooses to do so.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint must identify what legal injury he claims to have suffered and which individuals are responsible for each such legal injury; and (c) the amended complaint shall contain a clear statement of the relief that is sought. The amended complaint shall have the words "amended complaint" and the proper case number, 1:15-cv-509-JMS-DKL, on the first page.

If no amended complaint is filed, the action will be dismissed in its entirety for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date:     04/01/2015

*[signature: Jane E. Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

4

Distribution:

Financial Deputy Clerk

MCGRAW EL
Crawfordsville Road
Suite F PMB 280
Speedway, IN 46224